UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH ANN BUCZEK,

                                        Plaintiff,

          v.                                                              **DECISION AND ORDER**
                                                                          15-CV-651S

KEYBANK NATIONAL, ET AL.,

                                        Defendants.


# I. INTRODUCTION

Presently before this Court is pro se Plaintiff Deborah Ann Buczek's complaint and motion to stay state foreclosure proceedings. (Docket Nos. 1 and 3.) Because Buczek has been granted *in forma pauperis* status (Docket No. 9), her complaint is subject to the screening provisions in 28 U.S.C. § 1915 (e)(2)(B). For the reasons stated below, Buczek's motion to stay state foreclosure proceedings is denied and her complaint is dismissed with prejudice.


# II. BACKGROUND

Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994). Since Buczek is proceeding pro se, this Court has considered her submissions and arguments accordingly.

Under 28 U.S.C. § 1915 (e)(2)(B), a court must dismiss a case in which *in forma pauperis* status has been granted if, at any time, the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  If the court plainly lacks jurisdiction to consider the complaint, dismissal of the complaint as "frivolous" under 28 U.S.C. § 1915 (e)(2) is proper.  See McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996).  The screening process is intended to be "an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

Section 1915 (e)(2)(B) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure allow for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim.  FED. R. CIV. P. 8 (a)(2).  "Specific facts are not necessary;" the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)) (internal quotation and citation omitted).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Twombly, 550 U.S. at 555.

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.

2007).   Legal conclusions, however, are not afforded the same presumption of truthfulness.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)  ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570).   Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  Iqbal, 129 S.Ct. at 1949.  The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Id. at 1950; FED. R. CIV. P. 8 (a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).  This examination is context specific and requires that the court draw on its judicial experience and common sense.  Iqbal, 129 S.Ct. at 1950.  First, statements that are not entitled to the presumption of truth, such as conclusory allegations, labels, and legal conclusions, are identified and stripped away.  See Iqbal, 129 S.Ct. at 1950.  Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to

determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

In pro se actions, the United States Supreme Court has rejected the idea that the plausibility standard requires amplification with factual allegations to render the claim plausible. In Erickson, the Supreme Court reversed the dismissal of a prisoner's Eighth Amendment claim, holding that the court of appeals had "depart[ed] from the liberal pleading standards" of Rule 8(a). Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson, 127 S.Ct. at 2200). Although the Court did not clarify when the plausibility standard requires factual amplification, it noted that "a pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S.Ct at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Upon determination that a *pro se* complaint is deficient, a court will generally afford the plaintiff an opportunity to amend or to be heard before dismissal, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Abbas, 480 F.3d at 639 (2d Cir. 2007) (quoting Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)). But leave to amend need not be afforded when amendment would be futile, such as when the proposed claim could not withstand a Rule 12 (b)(6) motion. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

In her complaint, Buczek alleges that various individuals and entities violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and N.Y. Gen. Bus. Law § 349, by failing to recognize her rescission of a "line of credit of $50,000" obtained on October 7, 2008, and "an extension of credit" obtained on February 23, 2007, either or both of which were allegedly secured by her principal dwelling at 7335 Derby Road in Derby, N.Y.[1]  (Complaint, ¶¶ 24-26, 34, 36, 43.)  Buczek alleges that she exercised her right to rescind these transactions on June 22, 2015, when she sent written correspondence to "all known parties in interest."  (Complaint, ¶ 32.)  The basis for Buczek's rescission is that she did not receive certain documents required under TILA at the time of closing.  (Complaint, ¶ 28.)  Buczek alleges that the defendants ignored her rescission correspondence or, in the case of Defendant KeyBank National, refused to accept it.  (Complaint, ¶¶ 34, 35, 39.)

Buczek asserts that she has properly rescinded these transactions under 15 U.S.C. § 1635, and therefore all further proceedings concerning these transactions, including continuation of the state foreclosure proceedings, violate her statutory rights. She seeks a declaration that these transactions are rescinded as well as actual and statutory damages.  Buczek also seeks a stay of the state foreclosure proceedings. (Docket No. 3.)

---

[1]Buczek also references the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., on the cover page of her complaint, but she does not assert any meaningful allegations or claims under that statute.

## III. DISCUSSION

### A.    <u>Younger</u> Abstention and the Anti-Injunction Act

Before examining the sufficiency of Buczek's TILA claims, this Court addresses her requests for declaratory and injunctive relief relating to rescission of the transactions at issue and a stay of the state foreclosure proceedings.

Federal courts must abstain from exercising jurisdiction when federal review would disrupt ongoing state proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  This is because "even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court."  <u>Kirschner v. Klemons</u>, 225 F.3d 227, 236 (2d Cir. 2000).

Three classes of state proceedings fall within the scope of <u>Younger</u> abstention: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its court."  <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 588, 591, 187 L. Ed. 2d 505 (2013); <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 367-68, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989).

Under the third class of proceedings, <u>Younger</u> precludes a federal court from granting declaratory or injunctive relief concerning property that is also the subject of ongoing state proceedings.  <u>See</u> <u>Calizaire v. Mort. Elec. Registration Sys., Inc.</u>, 14-CV-1542 (CBA)(SMG), 2017 WL 895741, at *3 (E.D.N.Y. Mar. 6, 2017) (ongoing state

foreclosure action); <u>Abbatiello v. Wells Fargo Bank, N.A.</u>, No. 15-CV-4210 (SFJ)(ARL), 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015) (ongoing state foreclosure action); <u>Haynie v. New York Housing Auth.</u>, 14-CV-5633, 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015) (ongoing state foreclosure action).

A federal court's authority to enjoin state proceedings is additionally constrained by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate judgments."  28 U.S.C. § 2283.  The Anti-Injunction Act applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued.  <u>Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs.</u>, 398 U.S. 281, 294, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970)); <u>Abbatiello</u>, 2015 WL 5884797, at *5.  In this circuit, courts have long held that the Anti-Injunction Act applies to state foreclosure proceedings.  <u>See</u> <u>Ungar v. Mandell</u>, 471 F.2d 1163, 1165 (2d Cir. 1972); <u>Abbatiello</u>, 2015 WL 5884797, at *5 (collecting cases).

Here, Buczek seeks declaratory and injunctive relief, including a stay, with regard to the state foreclosure proceedings.  As set forth above, this relief is barred by the <u>Younger</u> abstention doctrine and the Anti-Injunction Act.  Buczek's equitable claims must therefore be dismissed and her motion to stay the state foreclosure proceedings must be denied.  <u>See</u> <u>Calizaire</u>, 2017 WL 895741, at *3 (dismissing claims for "injunctive and declaratory relief relating [to] the same property that is the subject matter of the underlying foreclosure action in state court").

**B.     Truth in Lending Act**

Although the <u>Younger</u> abstention doctrine and Anti-Injunction Act bar Buczek's equitable claims, they do not bar her claims for monetary damages.  <u>See</u> <u>Kirschner</u>, 225 F.3d at 238; <u>Fraser v. Aames Funding Corp.</u>, 16 CV 448 (AMD)(LB), 2017 WL 564727, at *4 (E.D.N.Y. Jan. 23, 2017).   Nonetheless, Buczek's TILA claims are barred by the applicable statute of repose, and therefore must be dismissed.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601 (a).

Under TILA, a borrower who enters a credit transaction secured by his or her principal dwelling has a statutory right to rescind the transaction "until midnight of the third business day following the consummation of the transaction," or until the lender delivers certain forms and disclosures required by TILA, whichever is later.  <u>See</u> 15 U.S.C. § 1635 (a); <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 411, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) ("Under [TILA], when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately.").  If the lender fails to provide the forms and disclosures required by TILA, the borrower's right to rescind expires three years after the consummation date of the transaction or upon the sale of the property, whichever occurs first.  <u>See</u> 15 U.S.C. § 1635 (f).   At the end of the three-year period, the borrower's right to rescind is

"completely extinguish[ed]." <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 413, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) (noting that § 1635 (f) governs "the life of the underlying right [of rescission]," as distinguished from simply limiting the time for bringing a suit, and observing that [§ 1635 (f)] "talks not of a suit's commencement but of a right's duration"). This is so even if the disclosures required under TILA are never made. <u>Id.</u> at 413; <u>Jesinoski v. Countrywide Home Loans, Inc.</u>, 135 S. Ct. 790, 792, 190 L. Ed. 2d 650 (2015) ("Even if a lender *never* makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." (quoting 15 U.S.C. § 1635 (f)) (emphasis in original)).

The TILA claims here are time-barred. Buczek alleges that Defendant Keybank National failed to provide her all of the forms and disclosures required by TILA at the time she consummated her transactions—on February 23, 2007, and October 7, 2008. (Complaint, ¶¶ 25, 26, 43.) She further alleges that she attempted to rescind these transactions under TILA by written correspondence sent on June 22, 2015, almost seven years after the later transaction. (Complaint, ¶¶ 32, 35.) This attempted rescission thus came well after the three-year rescission periods expired. It is therefore untimely. Because Buczek's right to rescind these transactions has been forever extinguished, <u>see</u> <u>Beach</u>, 523 U.S. at 413, her TILA claims must be dismissed as to all the defendants for failure to state a claim upon which relief can be granted.

### C.    State Claims

Having disposed of Buczek's federal claims, this Court finds it appropriate to decline to exercise supplemental jurisdiction over whatever state claims may be cognizable in the complaint.  See 28 U.S.C. § 1367(c)(3).  The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims.  See Carnegie-Mellon Univ. v.  Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.")

Accordingly, this Court declines to exercise supplemental jurisdiction over whatever state claims may be present in Buczek's complaint.  They are instead dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**D.     Leave to Amend**

The Second Circuit has held that "a district court should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." Garcia v. Superintendent of Great Meadow Corr. Facility, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted).   Amendment would indeed be futile here, where Buczek's rescission claims have been forever extinguished. Consequently, leave to amend will not be granted.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Buczek's federal TILA claims must be dismissed with prejudice.   Buczek's state claims, however, will be dismissed without prejudice.

## V.   ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Stay State Foreclosure Proceedings (Docket No. 3) is DENIED.

FURTHER, that Plaintiff's federal claims are DISMISSED with prejudice.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiff's state claims, which are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

FURTHER, that leave to amend is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      March 24, 2017
            Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M.  SKRETNY
                                        United States District Judge